**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | |
|---|---|
| KELLY BLAND, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No.: 7:25-cv-00050-O |
| v. | |
| DIGITAL INSURANCE LLC d/b/a One Digital, | Hon. Reed C. O'Connor |
| Defendant. | |

**DEFENDANT'S ANSWER AND AFFIRATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Digital Insurance hereby submits its Answer and Affirmative Defenses to Plaintiff Kelly Bland's Class Action Complaint ("Complaint").

**NATURE OF ACTION[1]**

1.       As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally

---

[1] For the Court's convenience, Defendant has incorporated the "headings" that appear in the Complaint, as well as the formatting from those headings. But Defendant does not necessarily agree with, and does not admit, the characterizations of such headings unless specifically admitted herein; nor does Defendant waive any right to object to those characterizations.

prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

**RESPONSE:** The allegations of Paragraph 1 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant states that *Barr v. American Association of Political Consultants*, 140 S. Ct. 2335, 2343 (2020), speaks for itself and Defendant denies any allegations inconsistent therewith.

2.      "Telemarketing calls are intrusive. A great many people object to these calls, phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers,' id. § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms,' *id*. § 2(9)." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649 (4th Cir. 2019).

**RESPONSE:** Defendant admits that the allegations in paragraph 2 reference the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA") as well as purported legal authority about the same, all of which speak for themselves. Defendant denies any remaining allegations in this paragraph.

3.      Plaintiff, individually and as class representative for all others similarly situated, brings this action against Defendant for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") for making highly-illegal prerecorded telemarketing calls to cell phone numbers.

**RESPONSE:** Defendant admits only that Plaintiff files a putative class action under the TCPA but denies any remaining allegations, including denying that certification is appropriate under Rule 23 or that Defendant engaged in any wrongdoing.

4.     Plaintiff also alleges that Defendant used automated systems to make prerecorded telemarketing calls from and into Florida, and that by doing so, Defendant has violated the provisions of the Florida Telephone Solicitations Act, Fla. Sta § 501.059.

**RESPONSE:** Defendant admits only that Plaintiff files suit under the Florida Telephone Solicitations Act, Fla. Sta § 501.059FTSA but denies any remaining allegations, including any alleged wrongdoing.

5.     Because these calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

**RESPONSE:** Defendant admits only that Plaintiff files a putative class action but denies any remaining allegations, including denying that certification is appropriate under Rule 23 or that Defendant engaged in any wrongdoing.

6.     A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and FTSA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**RESPONSE:** Denied.

## PARTIES

7.     Plaintiff Kelly Bland is an individual who has a 940- area code number, which is associated with this District, in Spanish Fort.

**RESPONSE:** Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 7 of the Complaint and therefore denies them.

8.      Defendant Digital Insurance LLC d/b/a OneDigital is Florida based health insurance and financial services company that uses illegal telemarketing calls to solicit business from and into this District, including by directing its conduct to 940- area code numbers and using 940- area code numbers to place the calls.

**RESPONSE:** Denied.

## JURISDICTION AND VENUE

9.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*. This Court has supplemental jurisdiction over the state law claims since they relate to the same telemarketing campaign.

**RESPONSE:** The jurisdictional allegations in paragraph 9 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations and denies that this Court has subject matter jurisdiction over this action, including because Plaintiff lacks standing to assert claims against Defendant.

10.      This Court has specific personal jurisdiction over Defendant because it directed its conduct into this state by calling individuals with 940- area codes, as well as using those same 940- area code numbers on the calls.

**RESPONSE:** The jurisdictional allegations in paragraph 10 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations and denies that this Court has jurisdiction over Defendant, including because it did not place the calls at issue.

11.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts and omissions giving rise to the case, namely, the illegal telemarketing conduct, occurred here because the calls were directed into this State and utilized this State's area codes to place the calls.

**RESPONSE:** The venue allegations in paragraph 11 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, denied.

## TCPA BACKGROUND

The Enactment of the TCPA and its Regulations

12.    In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

**RESPONSE:** The allegations in paragraph 12 are not well-pleaded allegations of fact and are instead legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that the allegations reference legal authority, which speaks for itself.

13.    The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A).

**RESPONSE:** The allegations in paragraph 13 are not well-pleaded allegations of fact and are instead legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that the allegations reference legal authority, which speaks for itself.

14.    The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

**RESPONSE:** The allegations in paragraph 14 are not well-pleaded allegations of fact and are instead legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that the allegations reference legal authority, which speaks for itself.

15.    According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

**RESPONSE:** The allegations in paragraph 15 are not well-pleaded allegations of fact and are instead legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that the allegations reference legal authority, which speaks for itself.

16.    Congress singled out these services for special protection either because Congress realized their special importance in terms of consumer privacy and therefore protected them (as in the case of cellular phones), or because the numbers are assigned to services for which the called party is charged, thus shifting the cost of automated or

prerocorded messages onto consumers. *See Barr v. Am. Ass'n of Pol. Consultants, Inc*, 140 S. Ct. 2335, 2363, (2020) (Gorsuch, J. & Thomas, J., concurring in part and dissenting in part).

**RESPONSE:** The allegations in paragraph 16 are not well-pleaded allegations of fact and are instead legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that the allegations reference legal authority, which speaks for itself.

17.    This cause of action applies to users of any one of the four protected services (pager, cellular, specialized mobile radio [i.e. radiotelephony locator beacons or dispatch systems], or another radio common carrier service [i.e. ship-to-shore or air-to-ground]), or any service, including residential, VoIP, and landline services, for which the called party is charged for the call. *See Perrong v. Victory Phones LLC*, No. CV 20-5317, 2021 WL 3007258, at *6 (E.D. Pa. July 15, 2021).

**RESPONSE:** The allegations in paragraph 17 are not well-pleaded allegations of fact and are instead legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that the allegations reference legal authority, which speaks for itself.

18.    "Non-emergency prerecorded voice or autodialed calls to [the destinations enumerated in 47 U.S.C. § 227(b)(1)(A)] are permissible only with the prior express consent of the called party." This includes calls made using artificial or prerecorded voices pitching services. See FCC Enforcement Advisory: Tel. Consumer Prot. Act Robocall & Text Rules - Biennial Reminder for Pol. Campaigns About Robocall & Text Abuse, 31 FCC Rcd. 1940, 1941 n. 6 (2016) [hereinafter FCC Advisory].

**RESPONSE:** The allegations in paragraph 18 are not well-pleaded allegations of fact and are instead legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that the allegations reference legal authority, which speaks for itself.

19.     Non-consensual, non-emergency calls placed using an ATDS or an artificial or prerecorded voice violate 47 U.S.C. § 227(b)(1)(A), regardless of the purpose of the call. *Victory Phones*, 2021 WL 3007258, at *6 (rejecting claim that noncommercial survey calls were exempt and holding that "[T]he operative language of the TCPA is unambiguous. Section 227(b)(1)(A) prohibits placing artificial and prerecorded voice calls to a variety of telephone numbers."). To hold otherwise would read the words "any person" and "any call" out of the statute. *See id*.

**RESPONSE:** The allegations in paragraph 19 are not well-pleaded allegations of fact and are instead legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that the allegations reference legal authority, which speaks for itself.

The Florida Telephone Solicitations Act

20.     The Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059 was amended by Senate Bill No. 1120 on July 1, 2021.

**RESPONSE:** Defendant admits only that the allegations in a paragraph 20 reference a purported (and outdated) amendment to the FTSA. Defendant denies any remaining allegations in this paragraph.

21.     It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection and dialing of

telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

**RESPONSE:** The allegations in paragraph 21 are not well-pleaded allegations of fact but state legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that the allegations refer to the FTSA, which speaks for itself. Except as expressly admitted, Defendant denies the allegations in this paragraph.

22.     A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

**RESPONSE:** The allegations in paragraph 22 are not well-pleaded allegations of fact but state legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that the allegations refer to the FTSA, which speaks for itself. Except as expressly admitted, Defendant denies the allegations in this paragraph.

23.     Pursuant to § 501.059(10)(a) of the FTSA, damages are available at a minimum of $500.00 for each violation.

**RESPONSE:** The allegations in paragraph 23 are not well-pleaded allegations of fact but state legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that the allegations refer to the FTSA, which speaks for itself. Except as expressly admitted, Defendant denies the allegations in this paragraph.

## FACTUAL ALLEGATIONS

24.     Plaintiff is a "person" as the term is defined by 47 U.S.C. § 153(39).

**RESPONSE:** Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24 of the Complaint and therefore denies them.

25.     Defendant is a limited liability company that is based in Florida.

**RESPONSE:** Defendant admits only that it is a limited liability company but lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25 of the Complaint and therefore denies them.

26.     At no point has the Plaintiff consented to receive telemarketing calls from the Defendant regarding the sale of goods or services prior to receiving the automated calls at issue.

**RESPONSE:** Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26 of the Complaint and therefore denies them.

Calls to Plaintiff

27.     Plaintiff's telephone number is (940) XXX-XXXX.

**RESPONSE:** Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 27 of the Complaint and therefore denies them.

28.     That telephone number is a residential cellular telephone line used by Plaintiff for calls and for personal, family, and household use.

**RESPONSE:** Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 28 of the Complaint and therefore denies them.

29. The number is in Plaintiff's name and she pays the bill.

**RESPONSE:** Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 29 of the Complaint and therefore denies them.

30. The number is a residential cellular telephone number.

**RESPONSE:** Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 30 of the Complaint and therefore denies them.

31. Plaintiff never consented to receive calls from Defendant.

**RESPONSE:** Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 31 of the Complaint and therefore denies them.

32. Plaintiff never did business with the Defendant.

**RESPONSE:** Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 32 of the Complaint and therefore denies them.

33. Despite this, the Plaintiff received at least four calls from the Defendant, which were sent between February 25, 2025 and April 15, 2025 and solicited her to sign up for Medicare benefits.

**RESPONSE:** Denied.

34.     The calls the Plaintiff received are reproduced below:

| Date | Caller ID |
|---|---|
| 02/25/2025 | 9402602560 |
| 04/09/2025 | 9402603914 |
| 04/15/2025 | 9402608402 |
| 04/15/2025 | 3127568874 |

**RESPONSE:** Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34 of the Complaint and therefore denies them.

35.     The Plaintiff missed the first two calls from the Defendant.

**RESPONSE:** Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 35 of the Complaint and therefore denies them.

36.     The plaintiff answered the third call at 10:16 a.m. on April 15, 2025 and heard an artificial voice state the following:

> "Hi, good morning. This is Olivia Bennett. I'm calling to let you know that following the recent presidential change, your state has approved zero-dollar premium Medicare benefits..."

**RESPONSE:** Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 36 of the Complaint and therefore denies them.

37.     Plaintiff was then transferred by the robot to a live telemarketer who verified Plaintiff was then transferred by the robot to a live telemarketer who verified some information with her.

**RESPONSE:** Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 37 of the Complaint and therefore denies them.

38.    Plaintiff was subsequently transferred to a live licensed agent named "Marylin Monrreal" with "OneDigital" who provided Plaintiff with her direct line of (312) 761-9915 extension 5812655 as well as OneDigital's website address.

**RESPONSE:** Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 38 of the Complaint and therefore denies them.

39.    Calls one, two and four were from (940)-260-XXXX numbers.

**RESPONSE:** Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 39 of the Complaint and therefore denies them.

40.    The fourth call that the Plaintiff missed was from (312)-756-8874, the same number associated with Defendant Digital Insurance L.L.C. in a lawsuit in which it is also the named defendant. *See Woods v. Digital Insurance LLC*, No. 2:24-cv-14130 (S.D. FLA, filed May 1, 2024).

**RESPONSE:** Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 40 of the Complaint and therefore denies them.

41.    Defendant is a company that sells health insurance and provides insurance-based financial services.

**RESPONSE:** Denied as phrased.

42.    The Defendant's calls were all made to sell the Plaintiff health insurance plans. They were therefore made for telemarketing purposes.

**RESPONSE:** Denied.

43.    The Defendant called the Plaintiff at least four times attempting to solicit the Plaintiff for health insurance that Plaintiff had no interest in.

**RESPONSE:** Denied.

44.    The first three calls were prerecorded calls because the call Plaintiff answered began with a voice that was obviously a robot, which had distinct pauses in recorded speech snippets, including because the Plaintiff was then transferred to an individual who, by comparison, was obviously a human.

**RESPONSE:** Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 44 of the Complaint and therefore denies them.

45.    Moreover, the unanswered calls did not leave messages or provide any other indication that a human being would make them.

**RESPONSE:** Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 45 of the Complaint and therefore denies them.

46.    Defendant therefore used automated marketing software to place the calls.

**RESPONSE:** Denied.

47.    Plaintiff never consented to receive calls from Defendant.

**RESPONSE:** Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 47 of the Complaint and therefore denies them.

48.    Plaintiff never did business with the Defendant.

**RESPONSE:** Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 48 of the Complaint and therefore denies them.

49.    Based on the foregoing, it is evident that Defendant mass-dials calls indiscriminately and incessantly using prerecorded voices.

**RESPONSE:** Denied.

50.    Plaintiff's privacy has been violated by the above-described telemarketing calls.

**RESPONSE:** Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 50 of the Complaint and therefore denies them.

51.    Plaintiff never provided her consent or requested these calls.

**RESPONSE:** Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 51 of the Complaint and therefore denies them.

52.    The aforementioned calls to the Plaintiff were unwanted.

**RESPONSE:** Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 52 of the Complaint and therefore denies them.

53.    The calls were non-consensual encounters.

**RESPONSE:** Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 53 of the Complaint and therefore denies them.

54. Plaintiff and all members of the Classes, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. In addition, the calls occupied their telephone lines, rendering them unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

**RESPONSE:** Denied.

## CLASS ALLEGATIONS

55. Plaintiff brings this action on behalf of herself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

**RESPONSE:** Defendant admits only that Plaintiff purports to file this case as a putative class action on behalf of the following putative classes, but denies all remaining allegations, including that the putative classes could ever be certified under Rule 23.

56. Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

> **Robocall Class:** Plaintiff and all persons within the United States: (1) to whose cellular telephone numbers (2) Defendant, or any third party acting on their behalf, placed a call using artificial or pre-record messages (3) within the four years prior to the filing of the Complaint.
>
> **Florida Telephone Solicitation Act Autodial Class:** All persons in the U.S., who, (1) received a telephonic sales call from Defendant made from or into Florida regarding insurance goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff (3) since July 1, 2021.

**RESPONSE:** Defendant admits only that Plaintiff purports to file this case as a putative class action on behalf of the two putative classes, but denies all remaining allegations, including that the putative classes could ever be certified under Rule 23.

57.    Plaintiff is a member of and will fairly and adequately represent and protect the interests of the classes as she has no interests that conflict with any of the class members.

**RESPONSE:** Denied.

58.    Excluded from the Classes are counsel, the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

**RESPONSE:** Defendant admits only that Plaintiff purports to bring this action on behalf of herself and certain classes pursuant to under Rule 23 as alleged (and further defined) in paragraph 58 of the Complaint. Except as expressly admitted herein, Defendant denies the allegations in this paragraph and denies that this case is an appropriate vehicle for a class action.

59.    Plaintiff and all members of the Classes have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

**RESPONSE:** Denied.

60.    This Class Action Complaint seeks money damages.

**RESPONSE:** Defendant admits that Plaintiff money damages, but denies she is entitled to any such relief (or any relief) from Defendant.

61.    The Classes as defined above are identifiable through the Defendant's dialer records, other phone records, and phone number databases.

**RESPONSE:** Denied.

62.    Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members for each Class number, at minimum, in the hundreds based on the fact that automated methods were used to send the calls.

**RESPONSE:** Denied.

63.    The joinder of all Class members is impracticable due to the size of the Classes and relatively modest value of each individual claim.

**RESPONSE:** Denied.

64.    Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

**RESPONSE:** Denied.

65.    There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including but not limited to the following:

(a)    Whether the Defendant used automatic equipment as defined by Florida law to send telemarketing calls;

(b)    whether the Defendant sent calls using prerecorded voices in violation of the TCPA;

(c)    whether Defendant made calls to Plaintiff and members of the Classes without first obtaining prior express written consent to make the calls;

(d)    whether Defendant's conduct constitutes a violation of the TCPA or FTSA; and

(e)    whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

**RESPONSE:** Denied, including as to subparagraphs (a) through (e).

66.     Further, Plaintiff will fairly and adequately represent and protect the interests of the Classes. Plaintiff has no interests which are antagonistic to any member of the Classes.

**RESPONSE:** Denied.

67.     Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes and have the financial resources to do so.

**RESPONSE:** Denied.

68.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.

**RESPONSE:** Denied.

69.     The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**RESPONSE:** Denied.

## FIRST CAUSE OF ACTION

### Statutory Violations of the Telephone Consumer Protection Act
### (47 U.S.C. § 227(b)) on behalf of the Robocall Class

70.     Plaintiff incorporates the allegations in paragraphs 1-74 as if fully set forth herein.

**RESPONSE:** Defendant repeats and incorporates by reference the foregoing paragraphs and responses as if fully set forth herein.

19

71.     The Defendant violated the TCPA by sending or causing to be sent calls to the cellular telephones and other protected telephones of Plaintiff and members of the Robocall Class using a pre-recorded messages without their prior express written consent.

**RESPONSE:** Denied.

72.     As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Robocall Class members are entitled to an award of $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

**RESPONSE:** Denied.

73.     The Plaintiff and Robocall Class members are entitled to an award of treble damages if the Defendant's actions are found to have been knowing or willful.

**RESPONSE:** Denied.

74.     Plaintiff and Robocall Class members are also entitled to and do seek injunctive relief prohibiting Defendant from using a pre-recorded voice in the future, except for emergency purposes.

**RESPONSE:** Denied.

**SECOND CAUSE OF ACTION**

**Violation of the Florida Telephone Solicitation Act,**
**Fla. Stat. § 501.059**
**On Behalf of Plaintiff and the Florida Telephone Solicitation Act Autodial Class**

75.     Plaintiff repeats and incorporates the allegations set forth in the paragraphs 1-74 as if fully set forth herein.

**RESPONSE:** Defendant repeats and incorporates by reference the foregoing paragraphs and responses as if fully set forth herein.

76.    Plaintiff brings this claim individually and on behalf of the Florida Telephone Solicitation Act Autodial Class Members against Defendant.

**RESPONSE:** Defendant admits only that Plaintiff brings this action individually and on behalf of a putative class under the FTSA. Except as expressly admitted herein, Defendant denies the allegations in this paragraph and denies that this case is an appropriate vehicle for a class action.

77.    It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection and dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

**RESPONSE:** The allegations in paragraph 77 are not well-pleaded allegations of fact but state legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the allegations in paragraph 77 reference the FTSA, which speaks for itself. Defendant denies any remaining allegations in this paragraph.

78.    A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

**RESPONSE:** The allegations in paragraph 78 are not well-pleaded allegations of fact but state legal conclusions to which no response is required. To the extent a response is

21

required, Defendant admits that the allegations in paragraph 78 reference the FTSA, which speaks for itself. Defendant denies any remaining allegations in this paragraph.

79.    Defendant failed to secure prior express written consent from Plaintiff and the Class Members.

**RESPONSE:** Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24 of the Complaint and therefore denies them.

80.    In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent.

**RESPONSE:** Denied.

81.    Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

**RESPONSE:** Denied.

82.    As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction under the FTSA against future calls. *Id.*

**RESPONSE:** Denied.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

Injunctive relief under the TCPA and FTSA prohibiting Defendant from calling telephone numbers in violation of the TCPA or FTSA in the future;

That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA or FTSA and $1,500 for each knowing or willful violation;

That the Court enter a judgment awarding Plaintiff and all class members statutory

damages of $500 for each violation of the TCPA or FTSA and $1,500 for each knowing or willful violation as their actual damages for violations of the FTSA, together with fees and costs of suit; and

An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing such Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

Such other relief as the Court deems just and proper.

**RESPONSE:** Defendant denies the allegations in Plaintiff's unnumbered "Wherefore" and "Prayer for Relief" section, including every allegation in each and every subparagraph. Defendant further denies that Plaintiff is entitled to any damages, any equitable relief, any injunctive relief, any declaratory relief, any fees, any costs, or any relief whatsoever.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

**RESPONSE:** Defendant admits only that Plaintiff requests a jury trial but denies that any of the allegations set forth in the Complaint allege triable issues against Defendant. To

the extent a jury trial is permitted, Defendant requests a trial by the maximum number of jurors allowed by law.

## GENERAL DENIAL

Defendant denies any and all allegations set forth in the Complaint that are not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Defendant hereby asserts the following defenses to the claims and allegations set forth in the Complaint. By asserting these defenses, Defendant does not admit that it bears the burden of proof or the burden of persuasion with respect to any particular defense.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

The Complaint fails to allege facts sufficient to state a cause of action against Defendant. For example, Plaintiff fails to allege sufficient facts to show that Defendant placed the calls at issue, or how an out-of-state consumer can invoke Florida consumer protection laws (let alone represent a putative class of Florida consumers).

### SECOND AFFIRMATIVE DEFENSE
### (Subject to Terms of Service, Including Consent and Arbitration)

To the extent that Plaintiff and the putative class agreed to or are otherwise bound by certain terms and conditions, their claims are barred by their contractual consent to receive telephone calls and messages like those Plaintiff complains of, an agreement to arbitrate their claims on individual bases, and their agreement to exclusive remedies and damages limitations.

### THIRD AFFIRMATIVE DEFENSE
### (Lack of Personal Jurisdiction and Improper Venue)

Plaintiff and the putative class members are barred from asserting claims in this jurisdiction because this Court lacks personal jurisdiction over Defendant and because venue is improper in this Court (including under *Bristol-Myers Squibb Co. v. Super. Ct. of Calif.*, *San Francisco Cty.*, 137 S. Ct. 1773 (2017)).

### FOURTH AFFIRMATIVE DEFENSE
### (Consent)

Plaintiff and the putative class members are barred from asserting their claims in whole or in part to the extent the calls at issue were made with the recipients' prior express written permission and/or consent and that consent was either irrevocable or was not effectively revoked.

### FIFTH AFFIRMATIVE DEFENSE
### (Acquiescence, Estoppel, Waiver, Fraud, Conspiracy and Unclean Hands)

Plaintiff is barred from asserting her claims, in whole or in part, by the doctrines of acquiescence, estoppel, waiver, and/or unclean hands. For example, Plaintiff cannot assert claims under the TCPA against Defendant to the extent she or others voluntarily provided telephone numbers for the purpose of receiving messages like those referenced in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Plaintiff and the putative class members are barred from asserting their claims in whole or in part by their failure to mitigate damages.

**SEVENTH AFFIRMATIVE DEFENSE**
**(No Knowing or Willful Misconduct)**

Any claim for treble damages is barred because Defendant did not engage in knowing or willful misconduct.

**EIGHTH AFFIRMATIVE DEFENSE**
**(No Proximate Cause)**

Defendant did not proximately cause any damages, injury, or violation alleged in the Complaint. Instead, to the extent any harm occurred, the acts of third parties (such as vendors, Plaintiff, or other persons who provided the number on which Plaintiff was allegedly called and texted) proximately caused any damages, injuries, or violations at issue, to the extent they occurred.

**NINTH AFFIRMATIVE DEFENSE**
**(Standing)**

Plaintiff and the putative class members lack standing to bring the claims alleged in the Complaint, especially against Defendant because any harm allegedly caused by the alleged calls at issue are not fairly traceable to any violation allegedly committed by Defendant, pursuant to *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021), and *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015).

**TENTH AFFIRMATIVE DEFENSE**
**(Fault of Third Parties)**

To the extent that the Complaint states a claim, third parties or Plaintiff caused or were responsible for the alleged harm.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(No Ratification)**

Defendant did not ratify any of the conduct of which the Complaint complains and cannot be held liable for it.

## TWELFTH AFFIRMATIVE DEFENSE
### (No Agency or Vicarious Liability and Proportional Allocation of Fault)

Any damages, injury, violation, or wrongdoing alleged in the Complaint was caused by third parties or Plaintiff for which Defendant cannot be held vicariously liable. Further, Defendant did not authorize, ratify, encourage, participate in, aid, abet, or assist in any of the conduct of which the Complaint complains and cannot be held liable for it. For example, to the extent vendors caused any damages, injury, violations of the law or wrongdoing or engaged in the conduct of which the Complaint complains, vendors acted outside the scope of the parties' agreement and Defendant did not approve of that conduct. As such, Defendant cannot be held vicariously liable and its liability, if any, must be eliminated or reduced by an amount proportionate to the fault attributable to third parties or Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (First Amendment)

The TCPA and the regulations and rules, interpretations, and other rulings promulgated thereunder violate the First Amendment of the United States Constitution. For example, they impose content-based restrictions on speech that fail to withstand strict scrutiny. The same is true for the FTSA.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Due Process)

The application of the TCPA or FTSA upon which the Complaint is based, including the imposition of statutory damages on Defendant, would violate the Due Process provisions of the United States Constitution. For example, certain definitions contained in the TCPA and FTSA render the statute unconstitutionally vague. Additionally, the statutory penalties sought by Plaintiff are excessive.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Hobbs Act)

The Hobbs Act cannot be validly or constitutionally applied to preclude Defendant from raising defenses to an action arising under the TCPA or rules or regulations promulgated thereunder. *See McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, ---- S.Ct. ----, 2025 WL 1716136 (U.S. June 20, 2025).

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Substantial Compliance with Laws)

Defendant is not liable to Plaintiff because it acted reasonably and with due care and substantially complied with all applicable statutes, regulations, ordinances, and/or other laws.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Compliance with 47 C.F.R. § 64.1200(c)(2)(i))

Any and all claims brought in the Complaint are barred in whole or in part because any violation of the TCPA occurred as a result of error, and, as part of its routine business practice, Defendant meets the standards set forth in 47 C.F.R. § 64.1200(c)(2)(i).

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Good Faith; Reasonable Practices)

Any and all claims brought in the Complaint are barred because Defendant possessed a good faith belief that it was not committing any wrongdoing and any violations resulted from a *bona fide* error, despite reasonable practices to prevent violations of the TCPA and related regulations (and FTSA).

## NINETEENTH AFFIRMATIVE DEFENSE
### (Failure to Join Party or Name Proper Defendant)

Any and all claims brought in the Complaint are barred, in whole or in part, by failure to join a necessary or indispensable party, and the failure to name the proper defendant.

## TWENTIETH AFFIRMATIVE DEFENSE
### (FCC Exceeding Delegated Authority)

Plaintiff's TCPA claims are barred to the extent they are based on regulations or rulings that exceed the FCC's delegated authority.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Class Action Deficiencies)

Plaintiff cannot satisfy the prerequisites set forth in Rule 23 of the Federal Rules of Civil Procedure to maintain this action as a class action. Further, Defendant hereby gives notice that in the event that this Court certifies a class, which Defendant denies would be appropriate, it reserves the right to adopt and incorporate by reference each and every applicable defense pleaded (and any others that may be appropriate at that point) to all members of such class.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Vagueness)

The FTSA is unconstitutionally vague because its restrictions do not give a person of ordinary intelligence adequate notice of the conduct that is prohibited. *See Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972).

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (No Call "Made")

Defendant denies that any call attempted is actually a call "made" within the meaning of Fla. Stat. § 501.059(8)(a).

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Reservation of Right to Assert Further Defenses)

Defendant has not knowingly or intentionally waived any applicable defenses, and hereby gives notice that it intends to rely on such other and further affirmative defenses as

may become available during discovery in this action. Defendant reserves the right to amend its Answer to assert any such defense.

<strong>PRAYER FOR RELIEF</strong>

WHEREFORE, Defendant prays for judgment as follows:

1.    That Plaintiff take nothing from Defendant by reason of this Complaint and that judgment be entered in favor of Defendant;

2.    For dismissal of the Complaint with prejudice;

3.    That the Court award costs and reasonable attorneys' fees;

4.    For such other relief as the Court deems just and proper.

Dated: July 14, 2025

By: */s/ Theodore Kwong*
Theodore Kwong
Texas State Bar No. 24087871
HILGERS GRABEN PLLC
7859 Walnut Hill Lane, Ste. 335
Dallas, Texas 75230
Telephone: 972-666-3646
Facsimile: 402-413-1880
tkwong@hilgersgraben.com

Ryan D. Watstein*
MatthewA. Keilson*
WATSTEIN TEREPKA LLP
1055 Howell Mill Road, 8th Floor
Atlanta, GA 30318
Telephone: 404-782-0695
ryan@wtlaw.com
* Pro hac vice

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2025, I caused a true and correct copy of the foregoing to be filed with the Clerk of Court using the CM/ECF system, which will send notice of the electronic filing to all counsel of record.

By: /s/ Theodore Kwong
Theodore Kwong