IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| **KELLY BLAND,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | |
| § | Civil No. 7:25-cv-00050-O |
| **DIGITAL INSURANCE, LLC, d/b/a One** § | |
| **Digital,** § | |
| § | |
| **Defendant.** § | |
| § | |

**JOINT SCHEDULING REPORT**

Plaintiff Kelly Bland and Defendant Digital Insurance, LLC (One Digital) met and conferred and now submit this Joint Scheduling Report. *See* ECF Nos. 10, 13.

1. **A brief statement of the claims and defenses.**

   **Plaintiff's Statement:**

   The Plaintiff did not make inbound calls to the Defendant that form the basis of her claims and she has records to demonstrate that. The Plaintiff opposes bifurcated discovery in this TCPA case and courts in the Northern District of Texas have rejected such an approach, as discussed below.

   **Defendant's Statement**:

   This is a putative class action in which Plaintiff claims that One Digital contacted her in purported violation of the Telephone Consumer Protection Act (TCPA) and the Florida Telephone Solicitation Act (FTSA), even though Plaintiff is a resident of Texas, not Florida. *See generally* ECF 1 (Compl.); ¶ 7. The calls were allegedly prerecorded and allegedly placed using an

automated dialing system, as defined by the FTSA. *Id.* Plaintiff also claims that the calls advertised generic "Medicare benefits," and came from several different phone numbers. *Id.* ¶¶ 34-36.

The problem with Plaintiff's theory is that One Digital *doesn't place—or authorize others to place—<u>any</u> prerecorded marketing calls whatsoever*. One Digital (or third-party vendor with authorization) didn't even call Plaintiff, as alleged. Instead, it received an *inbound* call from someone identifying as "Dara Pinn" and using Plaintiff's phone number. "Dara Pinn" (who is apparently Plaintiff) then told One Digital that she was "interested in getting . . . additional benefits, if possible," but suddenly hung up. Someone from One Digital then called her back one time—with a purely manual, non-automated phone.

These threshold dispositive and jurisdictional issues—including whether One Digital even called Plaintiff with prerecorded messages and whether Texas-based Plaintiff can avail herself of a statute meant to protect Florida residents—should be addressed before Plaintiff is permitted to engage in burdensome class discovery, the expense of which One Digital will almost exclusively bear. *See Hines v. Stamos*, 111 F.4th 551, 558-59 (5th Cir. 2024) ("We agree with Defendants that the district court was required to resolve threshold jurisdictional disputes [first.]"). The most efficient way to address them in a manner that upholds Rule 1's promise of a "just, speedy, and inexpensive determination of every action and proceeding" is to enter the phased discovery schedule One Digital outlines below—as other courts have done under similar circumstances. *See infra* § 8 (collecting cases where courts phased discovery in TCPA class actions, resulting in efficient and early resolutions without the need for class discovery).

2. **A proposed time limit to file motions for leave to join other parties.**

    October 15, 2025.

3. **A proposed time limit to amend pleadings.**

October 15, 2025.

4. **Proposed time limits to file various types of motions, including dispositive motions. (NOTE: the dispositive motion deadline cannot be less than 90 days before trial; the court prefers 120 days)**

**Plaintiff's Position:** The Plaintiff proposed April 17, 2026 for the motion to certify this matter as a class and the Plaintiff opposes bifurcated discovery, as indicated below.

**Defendant's Position**: One Digital proposes the following, subject to the phased discovery schedule it outlines below.

- Dispositive motions: 90 days after the Court's ruling on class certification, and/or, if a class is certified, after completion of the class notice period (and in no event less than 90 days before trial). Defendant also states that it anticipates moving for summary judgment following the end of phase 1 (if adopted).

- Class certification briefing: Plaintiff's motion to certify shall be filed by April 17, 2026. Defendant's opposition shall be filed by June 5, 2026.

5. **A proposed time limit for initial designation of experts.**

If the Court declines to phase discovery, February 13, 2026.

6. **A proposed time limit for responsive designations of experts.**

If the Court declines to phase discovery, March 31, 2026.

7. **A proposed time limit for objections to experts (i.e. Daubert and similar motions).**

90 days after the Court's ruling on class certification, and/or, if a class is certified, after completion of the class notice period (and in no event less than 90 days before trial).

8. **A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to particular issues.**

**Plaintiff's Statement:**

As the Fifth Circuit Court of Appeals has cautioned, "Although within a district court's discretion, the Fifth Circuit has instructed bifurcation is only appropriate in exceptional circumstances." *See McDaniel v. Anheuser-Busch, Inc.,* 987 F.2d 298, 304 (5th Cir. 1993) ("Separation of issues, however, is not the usual course that should be followed."). As part of that caution, the "issue to be tried separately must be so distinct and separable from the others that a trial of it alone may be had without injustice." *Laitram Corp. v. Hewlett-Packard Co.,* 791 F. Supp. 113, 115 (E.D. La. 1992) (quotation cleaned up) (quoting *Swofford v. B & W, Inc.,* 336 F.2d 406, 415 (5th Cir. 1964)).

The Defendant doesn't rely on anything unique of dispositive about the Plaintiff's claims that support bifurcation. Furthermore, Defendant has not provided any information to identify how Defendant's other leads were generated in a materially different way than that of the Plaintiff's. As such, the Court should deny the request because Defendant's proposal is unfair, unworkable, and inefficient. Indeed, bifurcation of discovery is often "counterproductive." Manual For Complex Litigation (Fourth) ("MCL 4th") § 21.15 (2015). That is readily apparent here. To begin, the proposed bifurcation guarantees that the parties will need to duplicate their work. First, the parties would undertake "individual merits" discovery and all that entails: written discovery requests, depositions, and then expert disclosures and expert depositions, all limited just to the merits of Plaintiff's individual claims. Then, defendant files a dispositive motion limited to the merits of Plaintiff's individual claims. And then, should the Court deny that motion, the parties have to start all over again, serving discovery requests and taking depositions of the same witnesses a second time. All told, this means at least two rounds of written discovery, two rounds of depositions (with the same witnesses being deposed twice), and then two rounds of summary judgment briefing. This is the opposite of judicial economy. Indeed, "bifurcation of discovery in

this case will increase litigation expenses by protracting the discovery period and by duplicating the discovery process, including the depositions." *Hartley-Culp v. Credit Mgmt. Co*, 2014 U.S. Dist. LEXIS 130308, *10 (W.D. Pa. September 15, 2014). The Court could deny the motion to bifurcate for this reason alone. *See ibid* (denying similar motion to bifurcate merits and class discovery in a TCPA case); *EQT Prod. Co. v. Terra Servs., LLC*, 2014 U.S. Dist. LEXIS 203680, *4 (W.D. Pa. October 21, 2014) ("Terra's proposal would likely result in deposing the same witnesses twice—once in the liability phase, and again in the damages phase. This is the definition of inconvenience, and the additional cost of duplicative depositions and document review combine to counsel against bifurcation in this case.")

Apart from the duplication of discovery outlined above, Defendant's proposal is bound to lead to additional discovery disputes and proceedings that would be completely unnecessary without bifurcation. There is significant overlap between discovery relevant to the merits of Plaintiff' individual claims and issues of class certification. Indeed, "[class certification] analysis will frequently entail overlap with the merits of the Plaintiff' underlying claim . . . because the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the Plaintiff' cause of action." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33-34 (2013) (internal citations and quotations omitted). *Lakeland Reg'l Med. Ctr. v. Astellas US*, LLC, 2011 U.S. Dist. LEXIS 16684, *4 (M.D. Fla. 2011) ("the line between 'class issues' and 'merits issues' is practically difficult, if not impossible, to determine.") Notes of Advisory Committee on 2003 Amendments to Fed. R. Civ. Pro. 23(c)(1)(A) ("Active judicial supervision may be required" to avoid "an artificial and ultimately wasteful decision between 'certification discovery' and 'merits discovery.'")

For instance, are Defendant' communications and process for complying with the TCPA in general class discovery or merits discovery? Is Defendant's record and process it presumably intends to assert led to the purported consent for the calls class discovery or merits discovery? Given this overlap, bifurcation would "belie principles of judicial economy, as the Court may be forced to spend time and resources resolving discovery disputes over what is 'merit' discovery as compared to 'class' discovery." *In re Plastics Additives Antitrust Litig.*, 2004 U.S. Dist. LEXIS 23989, *9 (E.D. Pa. November 29, 2004); (citing *In re Hamilton Bancorp. Inc. Securities Litigation*, 2002 WL 463314, at *1 (S.D. Fla. Jan. 14, 2002) (noting that 'bifurcation of discovery may well-increase litigation expenses by protracting the completion of discovery, coupled with endless disputes over what is 'merit' versus 'class' discovery').

The inevitable disputes about what qualifies as merits vs. class discovery is thus a second reason to deny the request for bifurcation. As another Court held while denying a similar request for bifurcation of discovery in *Cardenas v. Resort Sales by Spinnaker, Inc.,* 2021 U.S. Dist. LEXIS 34923, *6-7 (D. SC.):

> The Court finds highly instructive Ahmed v. HSBC Bank USA, Nat'l Assoc., No. EDCV15057FMOSPX, 2018 U.S. Dist. LEXIS 2286, 2018 WL 501413 (C.D. Ca. Jan. 5, 2018). In Ahmed, a TCPA action, the court denied the defendant's motion to bifurcate discovery. The court found that bifurcation could lead to undue delay and could encourage gamesmanship by the defendant in responding to plaintiff's discovery requests. The Ahmed court reasoned:
>
> In light of [Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011)] and the "rigorous analysis" requirement for class certification, many courts "are reluctant to bifurcate class-related discovery from discovery on the merits." This is because the distinction between class certification and merits discovery is murky at best and impossible to determine at worst. Separating merits and class discovery "raise[s] a slew of issues as to what discovery relates to the class, as opposed to the named plaintiffs, thereby causing additional litigation regarding the distinction between the two." For example, bifurcation often creates unnecessary gaps in the evidence as a defendant has a strong incentive to withhold evidence even if such evidence "overlap[s] [*7] with the merits of the plaintiff's

underlying claim" or "involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action."

In addition to "rais[ing] a slew of issues," "[a]rbitrary insistence on the merits/class discovery distinction sometimes thwarts the informed judicial assessment that current class certification practice emphasizes." For example, even if the class is not certified, the case will still continue and the discovery produced during the course of the case will be relevant and useful for the remainder of the case.

This Court should find the same.

The Plaintiff did not invite any calls and has records that clearly demonstrate that she *received* pre-recorded calls, as opposed to making her own. One Digital also claims that it should not be vicariously liable for another company's conduct, but that question is not unique to Ms. Pinn, it's the same for all other individuals called. Similarly, whether or not the FTSA applies to out of state plaintiffs is a legal question, not one that discovery will resolve.

Indeed, as another Judge Horan held on March 19, 2025 while rejecting a substantially similar bifurcation request from a TCPA defendant highlighting the signification overlap between merits and class certification discovery in a TCPA case while providing an overview of relevant case law:

> As to class certification under Rule 23, the Supreme Court has instructed that "certification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-351, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982)).
>
> And "[f]requently that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim" because "the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Id.* at 351 (cleaned up).
>
> Considering *Dukes* and the "rigorous analysis" requirement for class certification, district courts have been reluctant to bifurcate class-related discovery from discovery on the merits. *See Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. EDCV152057FMOSPX, 2018 U.S. Dist. LEXIS 2286, 2018 WL 501413 (C.D. Cal. Jan. 5, 2018) (declining to bifurcate discovery in TCPA case and stating that

"the distinction between class certification and merits discovery is murky at best and impossible to determine at worst"); *Chen-Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294, 300 (S.D.N.Y. 2012) (collecting cases).

In another TCPA case, *Cardenas v. Resort Sales by Spinnaker, Inc.*, No. 9:20-cv-00376-RMG, 2021 U.S. Dist. LEXIS 34923, 2021 WL 733393 (D.S.C. Feb. 24, 2021), the Court found that bifurcation would not serve the interests of judicial economy given the plaintiff's "persuasive argument that the evidence needed to determine whether [they] have a claim substantially overlaps with [their] ability to represent a class under [Rule] 23." *Cardenas*, 2021 U.S. Dist. LEXIS 34923, 2021 WL 733393, at *3.

Similarly, here, the undersigned already found that Folsom "may not avoid appropriate classwide discovery that is — as Bond persuasively argues — necessary for a future class certification motion." Dkt. No. 28. And, so, the Court agrees with Bond that bifurcation would not promote efficiency because there is considerable overlap between discovery relevant to the merits of his individual claims and issues of class certification. *Accord True Health Chiropractic, Inc. v. McKesson Corp.*, 2015 WL 273188, *2-3 (N.D. Cal. 2015) (declining to bifurcate a TCPA class action and noting that individual and class discovery claims typically overlap).

And, in light of the bulk of authority discussing the lack of a "bright line" distinction between merits and class discovery, bifurcation could lead to avoidable, future disputes over whether a particular discovery request relates to the merits or to class certification. *See Quinn v. Specialized Loan Servs., LLC*, 321 F.R.D. 324, 327-28 (N.D. Ill. 2017); *see also City of Pontiac General Employees' Retirement System v. Wal-Mart Stores, Inc.*, 2015 U.S. Dist. LEXIS 79392, 2015 WL 11120408, *1-2 (W.D. Ark. 2015) (bifurcation may force the court to resolve "endless discovery disputes"); *True* Health, 2015 U.S. Dist. LEXIS 7015, 2015 WL 273188, at *3 (finding that bifurcation "raise[s] a slew of issues as to what discovery relates to the class, as opposed to the named plaintiffs, thereby causing additional litigation regarding the distinction between the two.").

And, so, considering the binding law from *Dukes* and persuasive authority from other district courts, the Court declines to bifurcate discovery in this case.

*Bond v. Folsom Ins. Agency LLC*, No. 3:24-CV-2551-L-BN, 2025 WL 863469, at *2-3 (N.D. Tex. Mar. 19, 2025). This Court should hold the same.

To the extent that the Court does agree to bifurcate, the Defendant's proposed schedule is acceptable. Furthermore, the Plaintiff agrees with the Defendant's proposed non-bifurcation schedule, and proposes the same below:

| | |
|---|---|
| Deadline to amend pleadings | October 15, 2025 |
| Deadline to add parties | October 15, 2025 |
| Affirmative expert reports | February 13, 2026 |
| Rebuttal expert reports | March 31, 2026 |
| Motion to certify class | April 17, 2026 |
| Opposition to motion to certify class | June 5, 2026 |
| Deadline to complete fact and expert discovery Cutoff | June 30, 2026 |

**Defendant's Statement:**

As noted above, many threshold, dispositive, and jurisdictional issues should be addressed before permitting burdensome and expensive class discovery. *See Physicians Healthsource, Inc. v. Janssen Pharm., Inc.*, 2014 WL 413534, at *4 (D.N.J. Feb. 4, 2014) ("It is also generally understood that the costs [of a class action] can be particularly enormous for defendants.") (cits. omitted). They include the following, among others: (1) whether One Digital even called Plaintiff instead of receiving an inbound call from her, (2) whether One Digital can be liable for any third parties that may have called Plaintiff with prerecorded messages, despite *never* hiring them (or anyone else) to do so; (3) whether Plaintiff, a Texas Resident, can invoke a statute meant to protect Florida residents from automated calls (setting aside that One Digital uses purely phones); and (4) whether Plaintiff has standing to sue for calls she apparently invited, including under the fake name of "Dara Pinn."

Given these unique circumstances, One Digital requests that the Court refrain from permitting class discovery at this time and enter a phased discovery schedule for the reasons outlined below.

Under that schedule:

- The first 90 days of discovery (or 60 if the Court prefers) will be limited to addressing the threshold issues mentioned above; and

- Within 15 days of the close of Phase 1 discovery, the parties will submit a status report containing either a briefing schedule on One Digital's dispositive motion or an updated discovery schedule.

This schedule is the most efficient and fair course here. *First*, phased discovery will allow the Court to address threshold jurisdictional and dispositive issues at the outset, as numerous courts have ordered within this Circuit and others. *See, e.g.*, *Bradford v. Sovereign Pest Control of Tex.*, No. 4:23-cv-00675, ECF No. 25 (S.D. Tex. July 27, 2023) (phasing individual and class discovery until the court rules on defendant's summary judgment motion); *Gates v. Support Servs. Grp., Inc.*, No. 6:22-cv-00045, ECF No. 10 (W.D. Tex. Mar. 30, 2022) (similar); *Jenkins v. MCC Brokerage, LLC*, No. 1:23-cv-00558-JPH, ECF No. 16 (S.D. Ohio Aug. 1, 2024) (similar); *Starling v. Charter Commc'ns, Inc.*, No. 3:21-cv-01323, ECF No. 31 (D. Conn. Dec. 21, 2021) (finding "good cause for the bifurcation of individual and class discovery to address the threshold issues of standing and vicarious liability").

*Second*, it would make little sense to open the door to expensive class-wide discovery before addressing these threshold issues. Determining them wouldn't overlap with any class discovery either. For example, combing through records of calls to people other than Plaintiff has no bearing on whether a Texas resident can invoke and Florida statute, whether Plaintiff received any prerecorded calls from One Digital (which doesn't even use them), or has Article III standing to sue. If anything, addressing these issues upfront will "simplify the case and [] save both parties

the time and expense of class discovery[.]" *Akselrod v. MarketPro Homebuyers LLC*, 2021 WL 100666, at *1 (D. Md. Jan. 12, 2021); *Moore v. Realgy*, No. 1:22-cv-02489, ECF No. 12 (N.D. Ill. Sept. 21, 2022) (granting bifurcated discovery in TCPA case alleging TCPA violations to resolve whether defendant placed the calls).

*Third*, the interests of proportionality confirm that phased discovery should be granted. One Digital—but not Plaintiff—will bear the substantial and potentially unnecessary hardship of class discovery. A phased discovery approach will therefore serve the interest of justice by avoiding unnecessary discovery expenses (and discovery disputes before the Court) if Plaintiff's individual claims are disposed of at an earlier point. *See Book v. Flexpro, LLC*, 2023 WL 9471634, at *1 (M.D. Fla. Sept. 11, 2023*)* ("Because in this instance phased discovery appears to promote efficiency, Defendant's proposed discovery plan [in TCPA class action] is adopted[.]"); *Cunningham v. Big Think Cap., Inc.*, 2021 WL 4407749, at *2 (E.D.N.Y. Sept. 27, 2021) (phasing discovery in TCPA case, noting there is good cause to do so where the resolution of a single issue may resolve the case and "render trial on the other issue[s] unnecessary").

Under such circumstances, courts often phase discovery because it is equitable, efficient, non-prejudicial, and justified. *See, e.g.*, *Pompilio v. Indra Energy*, No. 1:25-cv-02234, ECF No. 34 (N.D. Ill. Jun. 26, 2025) ("In light of the robust discussion of this [threshold] issue provided by Defendant, the Court believes that phased discovery is appropriate and adopts the phased discovery schedule"); *Book*, 2023 WL 9471634, at *1 (phasing discovery in TCPA class action to avoid forcing the massive expense of class discovery on defendant, which claimed it didn't place the calls); *Charvat v. LE Energy, LLC*, No. 2:19-cv-1325, ECF No. 15 (S.D. Ohio June 21, 2019) (plaintiff agreed to phase individual and class discovery in TCPA class action to address whether the named defendant placed the calls); *Lindenbaum v. Realgy, LLC*, No. 1:19-cv-2862, ECF No.

12 (N.D. Ohio Feb. 25, 2020) (same); *Gates v. Support Servs. Grp., Inc.*, No. 6:22-cv-00045, ECF No. 10 (W.D. Tex. Mar. 30, 2022) (similar); *Moore v. Charter Commc'ns, Inc.*, No. 3:20-cv-01867, ECF No. 24 (D. Conn. March 24, 2021) (noting in TCPA class action that "discovery will be bifurcated into two phases and the first phase is devoted to plaintiff's individual claim"); *Connor v. Charter Commc'ns, Inc.*, No. 6:19-cv-2008, ECF No. 31 (D.S.C. Dec. 5, 2019) (similar); *May v. Gladstone et al.*, No. 2:21cv-02312, ECF No. 17, 19 (C.D. Cal. June 28, 2021) (similar); *Williams v. Tax Defense Network, LLC*, No. 2:20-cv-00312, ECF No. 15 (N.D. Ind. Nov. 5, 2020) (similar); *MacDonald v. R&H Indus., LLC*, No. 2:20-cv-00682, ECF No. 17 (D. Ariz. Jul. 17, 2020) (similar).

And tellingly, in all but one of the class actions where the undersigned has been counsel and the respective courts have ordered phased discovery, those cases never progressed to a point where class certification briefing or expert discovery was *ever required*. *See, e.g.*, *Aley v. Eligo Energy*, 1:22-cv-04543, ECF No. 21 (N.D. Ill. Jan. 5, 2023) (stipulated dismissal after court entered phased discovery); *Jimenez v. Social Firestarter LLC*, 1:22-cv-03834, ECF Nos. 17, 21 (stipulated dismissal) (N.D. Ill. Nov. 30, 2022); (same) *Moore v. Realgy*, 1:22-cv-02489, ECF No. 12, 19 (N.D. Ill. July 12, 2022) (same); *Moore v. Mega Energy, LP*, No. 1:19-cv-03703, ECF No. 19 (N.D. Ill. Jul. 18, 2019) (same); *see also e.g.*, *Lindenbaum v. Realgy, LLC*, No. 1:19-cv-2862, ECF Nos. 54, 55 (N.D. Ohio June 7, 2022) (granting summary judgment). This speaks to the efficiency of phased discovery, disproves Plaintiff's notion that there will be any duplicative work (there wasn't in any of these cases), and strongly counsels in favor of entering a similar schedule here.

If the Court declines to phase discovery, Defendant proposes the following alternative schedule (included in full for ease of reference):

| | |
|---|---|
| Deadline to amend pleadings | October 15, 2025 |
| Deadline to add parties | October 15, 2025 |
| Affirmative expert reports | February 13, 2026 |
| Rebuttal expert reports | March 31, 2026 |
| Motion to certify class | April 17, 2026 |
| Opposition to motion to certify class | June 5, 2026 |
| Deadline to complete fact and expert discovery Cutoff | June 30, 2026 |

Discovery will also involve the following subjects: (1) the Court's jurisdiction to hear this dispute, including its supplemental jurisdiction over Plaintiff's FTSA claim; (2) Plaintiff's allegations; (3) Defendant's defenses, including affirmative defenses; (4) Plaintiff's standing, including to the extent she invited or consented to the calls as "Dara Pinn"; (5) Plaintiff's relationship with "Dara Pinn"; (6) who placed the calls at issue, including whether Plaintiff made an inbound call to One Digital; and (7) whether One Digital can be held vicariously liable for whoever placed calls to Plaintiff.

9. **What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by local rule, and what other limitations should be imposed.**

One Digital asks the Court to briefly phase discovery as outlined above. Plaintiff opposes this request, as noted.

10. **Proposed means for disclosure or discovery of ESI and a statement of any disputes regarding the same.**

The parties agree that if relevant, discoverable, and proportional ESI will be produced in PDF, TIF format, or in a manner that is reasonably accessible. The parties will address any further issues regarding ESI during the normal course of discovery.

**11. Proposals regarding the handling and protection of privileged or trial-preparation materials that should be reflected in a Court order**

The parties anticipate the need for a stipulated protective order to govern the exchange of discovery material and will submit one promptly.

**12. A proposed trial date, estimated number of days required for trial, and whether a jury has been properly demanded (generally, one year after the complaint was filed).**

Given the prohibition against one-way intervention,[1] the Court will need to determine class certification before scheduling and conducting trial.

Plaintiff estimates that trial will take 5 days if certified, as the other certified telemarketing class action took that counsel participated in. One Digital estimates that trial will require three (3) days if a class is not certified. If a class is certified (which One Digital disputes would be permitted under Rule 23), One Digital estimates that trial would take far longer, given the numerous individualized issues that may predominate and One Digital due process right to call putative class members at trial.

**13. A proposed date for further settlement negotiations.**

---

[1] *See London v. Wal-Mart Stores, Inc.*, 340 F.3d 1246, 1252 (11th Cir. 2003) ("One-way intervention occurs when the potential members of a class action are allowed to 'await . . . final judgment on the merits in order to determine whether participation [in the class] would be favorable to their interests.'") (citing *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 547 (1974)).

<u>September 19, 2025.</u>

14. **Objections to Fed. R. Civ. P. 26(a)(1) asserted at the Scheduling Conference, and other proposed modifications to the timing, form, or requirements for disclosure under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made.**

There are no objections, and the parties will exchange initial disclosures by no later than <u>July 31, 2025.</u>

15. **Whether the parties will consent to trial (jury or non-jury) before U.S. Magistrate Judge (consent attached).**

The Parties do not consent to trial before a U.S. Magistrate Judge.

16. **Whether the parties are considering mediation or arbitration to resolve this litigation and a statement of when alternative dispute resolution would be most effective (e.g. before discovery, after limited discovery, after motions are filed, etc.), and, if mediation is proposed, the name of any mediator the parties jointly recommend to mediate the case.**

The parties are not presently considering ADR to resolve this litigation, although One Digital, at some later point, is amenable to mediation.

17. **Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial.**

For the reasons noted above, One Digital believes that phased discovery will facilitate an expeditious and efficient resolution of this matter, including streamlining issues for trial. Plaintiff opposes One Digital's request for phased discovery, as noted.

18. **Whether a conference with the Court is desired and the reasons for requesting a conference.**

One Digital requests a conference with the Court to discuss its request for phased discovery, to the extent the Court doesn't grant such a request based on this report alone. Plaintiff opposes One Digital's request for phased discovery, as noted, but would certainly be willing to attend a conference if the Court would like to discuss the issue.

**19. Any other matters relevant to the disposition of this case, including any other Orders that should be entered by the Court under R. 16(b) and (c) and 26(c)**

None at this time.

Dated: July 18, 2025

By: */s/ Theodore Kwong*
Theodore Kwong
Texas State Bar No. 24087871
HILGERS GRABEN PLLC
7859 Walnut Hill Lane, Ste. 335
Dallas, Texas 75230
Telephone: 972-666-3646
Facsimile: 402-413-1880
tkwong@hilgersgraben.com

Ryan D. Watstein*
MatthewA. Keilson*
WATSTEIN TEREPKA LLP
1055 Howell Mill Road, 8th Floor
Atlanta, GA 30318
Telephone: 404-782-0695
ryan@wtlaw.com
* Pro hac vice forthcoming

*Counsel for Defendant*

By: */s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*Counsel for Plaintiff*